## CIRCUIT COURT OF THE CITY OF RICHMOND

Division of Child
Support Enforcement

v.

Kim Davis

July 2, 1997

Case No. HI-349-A4

BY JUDGE RANDALL G. JOHNSON

As I indicated from the bench yesterday, the court's holding in this case is that Kim Davis has no current support obligation to his son, Kim Dodson. The court's ruling is based on the child support guidelines, Va. Code § 20-108.2, as follows.

First, if the court accepts DCSE's contention that Sobrina Dodson, the child's mother, has no income, § 20-108.2(B) sets the total presumptive child support obligation at $65.00 per month, since Davis, who is incarcerated, also has no income.

Next, subsection (G) provides that "[t]he total monthly child support obligation shall be divided between the parents in the same proportion as their monthly gross incomes bear to their monthly combined gross income." While someone could perhaps make an argument that Davis' $0 monthly income is 100% of his and Sobrina Dodson's combined monthly income, the court feels that the better position is that he and Dodson each have 0% of their combined monthly income or, as Mr. Warren candidly said, "Zeroes across the board." Thus, Davis' child support obligation is his and Dodson's combined monthly obligation ($65.00) times Davis' proportion of their combined gross income (0%) which comes out to $0.

Finally, the court appreciates, but rejects, DCSE's argument that because Davis is voluntarily unemployed, that is, that his incarceration resulted from a crime voluntarily committed, some income should be imputed to him. If it is,

argues DCSE, then he has 100% of his and Dodson's total monthly income, thereby making his support obligation the $65.00 presumptive amount set out in § 20-108.2(B). Whatever the theoretical merits of that argument might be, DCSE presented no evidence to allow the imputation of any income.

As unlikely as it is, Kim Davis may have absolutely no marketable skills or earning power outside of prison. While the court does not know if that is true, it also does not know if that is not true. Since the burden of presenting facts from which income can be imputed rests with DCSE, its failure to present any evidence at all related to Davis' earning capacity is fatal to its request that any income at all be imputed to him. Judgment will be for Davis.